UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clara Lewis Brockington, ) | Civil Action No.: 4:20-cv-03157-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Lowe's Home Improvement, Purvis ) | |
| Walker, Lowe's Corporate Office, Marvin ) | |
| Ellison, Robert A. Niblock, and Mr. Belton, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court for consideration of Plaintiff Clara Lewis Brockington's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing this case without prejudice.[1] *See* ECF Nos. 16 & 22.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

Plaintiff has filed an amended complaint alleging that on September 28, 2017, she was a customer at a Lowe's Home Improvement store in Florence, South Carolina, when rugs fell on her leg, foot, and ankle. *See* ECF No. 11. Plaintiff sues the Lowe's store and corporation, the store manager, and various corporate officers seeking $70,000 in compensation. The Magistrate Judge recommends summary dismissal for lack of subject matter jurisdiction. *See* ECF No. 16.

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal citation omitted).

In her objections, Plaintiff asserts the Court (1) has federal question jurisdiction over her amended complaint pursuant to § 1331 and (2) should retain supplemental jurisdiction over her state

2

law negligence claim pursuant to 28 U.S.C. § 1367. *See* ECF No. 22 at pp. 8–10.[2] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Virginia ex rel. Hunter Labs., L.L.C. v. Virginia*, 828 F.3d 281, 286–87 (4th Cir. 2016) (discussing the well-pleaded complaint rule). Although Plaintiff alleges deprivations of her constitutional rights and invokes 42 U.S.C. § 1983, *see* ECF No. 11 at p. 7, her amended complaint does not present a federal question because § 1983 "only provides relief for deprivations of constitutional rights by *state actors*." *Barrett v. PAE Gov't Servs., Inc.*, 975 F.3d 416, 434 (4th Cir. 2020) (emphasis added); *see Cox v. Duke Energy Inc.*, 876 F.3d 625, 632 (4th Cir. 2017) ("'[M]erely private conduct, no matter how discriminatory or wrongful,' is excluded from the reach of § 1983." (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999))). Consequently, the Court cannot exercise supplemental jurisdiction over any state law claims. *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 222 (5th Cir. 2012) (explaining that "[w]ithout original jurisdiction on the federal claim, the court cannot assert jurisdiction over state-law claims").

The Court lacks subject matter jurisdiction over this action and will therefore dismiss Plaintiff's amended complaint without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)

---

[2] Plaintiff's amended complaint only alleges federal question jurisdiction, *see* ECF No. 11 at p. 4, and she does not specifically object to the Magistrate Judge's recommendation regarding lack of diversity jurisdiction. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) ("[A] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); *Knox v. Magera*, 813 F. App'x 111, 112 (4th Cir. 2020) (recognizing objections must be "specific to the particularized legal recommendations made by the magistrate judge").

3

(explaining a dismissal for lack of subject matter jurisdiction "must be one without prejudice").

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 16] and **DISMISSES** Plaintiff's amended complaint *without prejudice* and without issuance and service of process.[3]

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
November 30, 2020  R. Bryan Harwell
  Chief United States District Judge

---

[3] As indicated above, Plaintiff had an opportunity to amend her complaint. *See generally Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015), *abrogated in part by Bing v. Brivo Sys., LLC*, 959 F.3d 605, 611–12 (4th Cir. 2020).

Plaintiff also filed a motion seeking waiver of filing fees, *see* ECF No. 12, when the Magistrate Judge had already granted her leave to proceed *in forma pauperis*, *see* ECF Nos. 8 & 9. Plaintiff's motion was therefore unnecessary.